

Signed March 24, 2006.

_____
Ronald B. King
United States Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHAOVANEE AROONSAKUL, | § | CASE NO. 05-52193-RBK |
| | § | |
| DEBTOR | § | CHAPTER 7 |

### OPINION

*Chronology*

On July 14, 1997, Ann Gerwitz ("Gerwitz") obtained a $400,000 default judgment against Debtor, Dr. Chaovanee Aroonsakul, in Case No. 96 L 624 of the 18th Judicial Circuit, County of DuPage, State of Illinois.

On May 23, 1999, a Trust Agreement ("Trust Number 723") was entered into by Oxford Bank & Trust ("Oxford"), as Trustee, and Debtor as Beneficiary, for the purpose of owning a home and land located at 826 Brainard Street, Naperville, Illinois 60563 ("Naperville Property").

Also, on May 23, 1999, James R. and Karyn L. Pechinski conveyed the Naperville Property to Oxford Trust ("Oxford"), as Trustee of Trust Number 723.

On March 14, 2003, in connection with Case No. 96 L 624, Gerwitz recorded a Third Party Citation to Discover Assets directed to Oxford as Trustee of Trust Number 723 and the Debtor ("Oxford Citation").

On July 8, 2004, Gerwitz obtained an Order in connection with Case No. 96 L 624 from the 18th Judicial Circuit, County of DuPage, State of Illinois enjoining Oxford from transferring its beneficial interest in Trust Number 723 ("Sale Injunction").

On March 23, 2005, Gerwitz obtained an Order in connection with Case No. 96 L 624 from the 18th Judicial Circuit, County of DuPage, State of Illinois placing a lien against Debtor's beneficial interest in Trust Number 723 and ordering the Sheriff of DuPage County to advertise and sell such interest ("Lien & Sale Order").

On April 18, 2005, Debtor filed for relief under Chapter 7.

On December 8, 2005, the Trustee filed "Trustee's Motion to Sell Property of the Estate Free and Clear of Liens, Claims, and Encumbrances" seeking to sell the Naperville Property.

On December 19, 2005, Gerwitz filed a Response to the "Trustee's Motion to Sell Property of the Estate Free and Clear of Liens, Claims, and Encumbrances" alleging superior interest, and also on December 19, 2005, Gerwitz filed a "Motion for Relief from Stay" seeking permission to execute on her judicial lien against Debtor's interest in Trust 723 and the Naperville Property.

*Issues*

1. Whether issuance of a Citation to Discover Assets is sufficient to perfect a judgment creditor's lien against a debtor's beneficial interest in a land trust.

2. Whether a Chapter 7 trustee has lien creditor powers superior to those of a prior perfected judgment lien holder.

3. Whether a Chapter 7 trustee enjoys status as a "lender without notice" under the exceptions to 735 ILL. COMP. STAT. 5/2-1402(m).

*Brief Answers*

1. Under Illinois law, a valid Citation to Discover Assets served prior to the preference period on a debtor/beneficiary and trustee of an Illinois land trust perfects a judgment creditor's lien against the debtor's beneficial interest.

2. Where a valid Citation to Discover Assets is served prior to the preference period on a debtor/beneficiary and trustee of an Illinois land trust, the resulting perfected lien against the debtor's beneficial interest is superior to

2

>    the lien creditor powers afforded a Chapter 7 trustee under 11 U.S.C. §§ 544-45.
>
> 3. The judgment creditor status of a Chapter 7 trustee does not qualify as an exception to 735 ILL. COMP. STAT. 5/2-1402(m).

*Analysis*

*Lien Perfection via Citation to Discover Assets*

Federal Rule of Civil Procedure 69(a), incorporated by Federal Rules of Bankruptcy Procedure 7069 and 9014, directs federal courts to employ state procedure in proceedings to execute on a judgment. *Cacok v. Covington*, 111 F.3d 52, 53 (7th Cir. 1997). Under Illinois law, a beneficial interest in a land trust is considered to be intangible personal property. *In re Nowicki*, 202 B.R. 729, 737 (Bankr. N.D. Ill. 1996) (citing *In re Barone*, 184 B.R. 747, 749 (N.D. Ill. 1995); *In re Fowler*, 90 B.R. 375, 377 (Bankr. N.D. Ill. 1988); *In re Marriage of Mostow*, 126 Ill.App.3d 67, 466 N.E.2d 1292, 1294 (1st Dist. 1984)). The proper method under the Illinois Code of Civil Procedure to perfect a lien on intangible personal property is the filing of a Citation to Discover Assets under 735 ILL. COMP. STAT. 5/2-1402. *Id.* When a judgment debtor holds a beneficial interest in an Illinois land trust, a Citation to Discover Assets validly served on both the trustee of the land trust and the judgment debtor creates a lien on any interest held by the judgment debtor in that land trust. *Schak v. Blom*, 334 Ill.App.3d 129, 133, 777 N.E.2d 635, 639 (1st Dist. 2002); *Nowicki*, 202 B.R. at 737.

In pertinent part, Illinois Compiled Statutes, Chapter 735 (Civil Procedure), Act 5 (Code of Civil Procedure), Article II (Civil Practice), Part 14 (Post Judgment), Section 2-1402 (Supplementary Proceedings) provides:

> (m) The judgment or balance due on the judgment *becomes a lien when a [C]itation [to Discover Assets] is served* . . . .The lien binds nonexempt

3

> personal property, including money, choses in action, and effects of the judgment debtor as follows:
>
> (1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.
>
> (2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.
>
> The lien established under this Section does not affect the rights of citation respondents in property prior to the service of the citation upon them and does not affect the rights of bona fide purchasers or lenders without notice of the citation. The lien is effective for the period specified by Supreme Court Rule.[1]

735 ILL. COMP. STAT. 5/2-1402(m) (West 2005).

The Trustee asserts that perfection of the Oxford Citation did not occur. While acknowledging a split of authority, the Trustee cites *In re Marino* as most persuasive in its proposition that a Citation to Discover Assets remains subject to attack until the Lien & Sale Order is issued. *Marino v. Chrysler Credit Corp.* (*In re Marino*), 201 B.R. 234 (Bankr. N.D. Ill. 1996), *reconsideration denied*, 205 B.R. 897 (Bankr. N.D. Ill. 1997). *Marino* noted that a creditor had created a lien by service of a Citation to Discover Assets on the debtor but concluded that a

---

[1]Illinois Supreme Court Rule 277(f) states "[a] proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require. Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is satisfied or the court orders otherwise." Ill.St.S.Ct.R. Ch. 110A ¶ 277(f) (West 2006).

"transfer" within the meaning of 11 U.S.C. § 547 did not occur until a turnover order relating to underlying judgment was signed. *Id.* at 248. In reaching this conclusion, Judge Schmetterer borrowed logic from his earlier opinion in *In re Lifchitz*, 131 B.R. 827 (Bankr. N.D. Ill. 1991) which stated:

> "Perfection" under § 547(e)(2)(B) is a concept under which a creditor's rights become fixed and unalienable as against the lien rights of other competing creditors. Under Illinois law, the citation lien that attaches when citation summons is served remains subject to attack and modification until the property is ordered to be turned over. Therefore, a "transfer" under federal bankruptcy law takes place as of entry of a turnover order, pursuant to § 547(e)(2)(B).

*Lifchitz*, 131 B.R. at 833-34.

This logic was criticized in ***Farm Credit Bank of St. Louis v. Lucas***, 152 B.R. 244 (C.D. Ill. 1993) *rev'd on other grounds*, ***Appeal of Swartz***, 18 F.3d 413 (7th Cir. 1994), where a bankruptcy court decision holding that a turnover order was a necessary precondition to determining a judgment creditor's priority was reversed by District Judge Richard Mills. After reciting the passage from *Lifchitz*, he noted:

> [D]etermination of whether a bankruptcy trustee has priority over a lien creditor must be determined by state law. "While the rights given to the trustee are governed by federal law, the extent of the rights in regard to the priority of lien holders is controlled by state law . . . . *whether a lien creditor has priority over another claimant is determined by looking at state law*."

*Lucas*, 152 B.R. at 246 (quoting *In re Chaseley's Foods, Inc.*, 726 F.2d 303, 307 (7th Cir. 1983)) (emphasis in original). Judge Mills continued by observing that a trustee's avoidance powers under 11 U.S.C. § 544(a)(1) are tied to those of a judgment *creditor*–a term defined by state law. *Id.* at 247. While acknowledging that a Citation to Discover Assets may be subject to some modification,

5

he found that the language it contains nevertheless creates a specific lien on the assets of the debtor. *Id.* Judge Mills concluded his opinion by pointing to dicta in ***King v. Ionization Int'l, Inc.***, 825 F.2d 1180, 1187-88 (7th Cir. 1987), acknowledging the superiority of a valid Citation to Discover Assets over a later filed creditor's judgment. *Id.* at 248.

Numerous decisions since have recognized proper service of a Citation to Discover Assets as a perfected lien under 735 ILL. COMP. STAT. 5/2-1402. ***Bloink v. Olson***, 265 Ill.App.3d 711, 715, 638 N.E.2d 406, 409 (2nd Dist. 1993) (service of Citation to Discover Assets on bank created perfected lien in favor of judgment creditor against funds in debtor's bank account); ***In re Prior***, 176 B.R. 485, 495 (Bankr. S.D. Ill. 1995) (turnover order constituted enforcement of a preexisting citation lien and was not an avoidable preference even though entered into during the 90-day preference period); ***Barone***, 184 B.R. at 749 (observation that creditor who served Citation to Discover Assets has priority over a trustee in any bankruptcy filed subsequent to service of citation); ***Nowicki***, 202 B.R. at 737 (Section 5/2-1402(m) allowed creditor to perfect lien by service of Citation to Discover Assets on judgment debtor/beneficiary and trustee of a land trust); ***Cacok***, 111 F.3d at 54 (citing *Swartz* for the proposition that under Illinois law, proper service of Citation to Discover Assets creates a lien which is perfected as of the service of citation); ***In re Dilling***, 322 B.R. 353, 356 (Bankr. N.D. Ill. 2005) (citing *Swartz* for the same proposition).

***Trustee as Lien Creditor***

The Trustee cites ***In re Paramount*** for the proposition that 11 U.S.C. § 544(a)(1) affords the Trustee a higher priority than Gerwitz. ***In re Paramount***, 154 B.R. 712 (Bankr. N.D. Ill. 1993). In finding that a previously filed, but unamended, financing statement had not been rendered seriously misleading by a debtor's name change, Judge Squires noted:

6

> Section 544(a) conveys upon the trustee, upon the filing of the petition and without regard to any knowledge of the trustee, those powers which state law would allow to a hypothetical creditor of the debtor who, as of the commencement of the case, had completed the legal processes for perfection of a lien upon property of the debtor available for satisfaction of his claim against the debtor. Thus, *improperly perfected* security interests in a debtor's property are vulnerable to the rights of a debtor in possession as lienor under section 544(a).

*Paramount*, 154 B.R. at 714 (emphasis added). While this proposition is correct, the weight of authority makes it clear that Debtor's interest in Trust 723 became *properly perfected* upon service of the Oxford Citation on Debtor and Oxford.

*Chapter 7 Trustee Status as a Lender Without Notice*

While not abandoning his previously stated claim of bona fide purchaser status, the Trustee's response also argues that he falls within Section 2-1402(m)'s exceptions for "lenders without notice." The Trustee supports this claim by analogizing a Section 2-1402(m)'s "lender" to the hypothetical "creditor" of § 544(a)(1). This is an incomplete reference. In pertinent part, § 544(a)(1) (Trustee as lien creditor and as successor to certain creditors and purchasers) states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> (1) a *creditor* that extends credit to the debtor at the time of the commencement of the case, and *that obtains*, at such time and with respect to such credit a *judicial lien* on all property on which a creditor on a simple contract could have obtained such judicial lien, whether or not such a creditor exists.

7

11 U.S.C. § 544 (2006) (emphasis added). A judgment lien creditor is not the same thing as a lender without notice. To conclude otherwise would mean that a bankruptcy trustee would be able to leapfrog ahead of liens which are validly perfected under state law prior to the preference period.

***Conclusion***

Under Illinois law, Gerwitz's service of the Oxford Citation prior to the preference period on Debtor and Oxford perfected her citation lien against Debtor's beneficial interest in Trust 723.

11 U.S.C. § 544(a)(1) accords the Trustee judgment lien creditor status as of the commencement of the case. This does not equate with the "lenders without notice" status referenced by Section 5/2-1402(m). Thus, the Trustee cannot take advantage of this exception to negate the effect of Gerwitz's perfected lien.

The "Trustee's Motion to Sell Property of the Estate Free and Clear of Liens, Claims, and Encumbrances" should be denied, and Gerwitz's "Motion for Relief from Stay" should be granted. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

# # #